IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YAZAN HUSSEIN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 14 CV 5735 |
| COINABUL, LLC, a Wyoming limited liability company, and JASON SHORE, an individual, | ) ) ) ) ) | Judge James B. Zagel Magistrate Judge Maria Valdez |
| Defendant. | ) | |

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(3), OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS**

Defendants Coinabul, LLC and Jason Shore, by their attorneys, Frank P. Nowicki and Ann E. Zipfel of Johnson & Bell, Ltd., respectfully move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, to strike class allegations. In support thereof, Defendants state as follows:

**INTRODUCTION**

Plaintiff has filed a class action lawsuit against Defendants. Defendant Coinabul, LLC ("Coinabul") is a Wyoming limited liability company with its principal office in Cheyenne, Wyoming. Defendant Jason Shore, a resident of the State of California, is the CEO of Coinabul. Coinabul operates a website, www.coinabul.com ("the Website"). The Website provides a marketplace for users to trade in bitcoin, a form of digital currency, for gold and silver. Plaintiff alleges that the putative class was wronged because Coinabul did not ship ordered products to the class members and did not refund their transferred bitcoins. (Compl. ¶ 31).

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(3) because the Terms of Service agreement between Coinabul and its customers provides that jurisdiction is only proper in Wyoming State court. Alternatively, Plaintiff's class action allegations should be stricken because Plaintiff has failed to fulfill the numerosity and typicality requirements of Rule 23.

## **LEGAL STANDARDS**

### I. Federal Rule of Civil Procedure 12(b)(3)

Rule 12(b)(3) provides for the dismissal of an action for improper venue based on the existence of a forum selection clause. *See Automobile Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007); *Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603, 606-07 (7th Cir. 2003). In considering a motion to dismiss for improper venue, courts may examine facts outside the complaint. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809-10 (7th Cir. 2011) (noting it appropriate to consider the underlying agreement containing the forum selection clause in question). The Seventh Circuit routinely affirms dismissals under Rule 12(b)(3) where the forum selection clause at issue designates a state court forum. *See Kochert v. Agaden Med. Int'l*, Inc., 491 F.3d 674, 676 (7th Cir. 2007).

### II. Federal Rule of Civil Procedure 23

Rule 23(a) sets forth the following prerequisites for a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Failure to meet any one of Fed. R. Civ. P. 23(a)'s requirements precludes class certification.

Rule 23(c)(1)(A) directs that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." In some cases, "the issues are plain enough from the pleadings" to allow the court to conclude that no class can be certified. *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)); *see also Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011) ("Consistent with [Rule 23(c)(1)(A)'s] language, a court may deny class certification even before the plaintiff files a motion requesting certification.").

## ARGUMENT

### I. DISMISSAL IS PROPER PURSUANT TO RULE 12(b)(3).

Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Bonny v. Society of Lloyd's*, 3 F.3d 156, 159 (7th Cir. 1993); *see also Roberts & Schaefer Co. v. Merit Contr.*, 99 F.3d 248, 252 (7th Cir. 1996) ("[A] forum selection clause is enforceable except in exceptional circumstances.")). The Supreme Court has held that a forum-selection clauses are unreasonable only if: (1) if their incorporation into the contract was the result of fraud, undue influence or overweening bargaining power; (2) if the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) if enforcement of the clauses would contravene a strong public policy of the forum in which the suit is brought, as declared by statute or judicial decision. *Bonny*, 3 F.3d at 160; *see also Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 210-11 (7th Cir. 1993). This is true even if the contract was never negotiated and, in effect, was dictated by one party to the other party. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95 (1991).

3

The forum selection clause at issue in this case is found in the Website's Terms of Service. The Terms of Service is a "browsewrap agreement" on the Website. Browsewrap agreements typically "involve a situation where notice on a website conditions use of the site upon compliance with certain terms or conditions, which may be included on the same page as the notice or accessible via a hyperlink." *Southwest Airlines v. BoardFirst, L.L.C*., No. 3:06-CV-0891-B, 2007 U.S. Dist. LEXIS 96230, at *14 (N.D. Tex. Sept. 12, 2007). Thus, a party gives his or her assent simply by using the website. *Id*. No affirmative action is required by the website user to agree to the terms of a contract other than his or her use of the website; all that is necessary is that the user had actual or constructive knowledge of the website's terms and conditions. *Id*.

Here, Plaintiff had at least constructive knowledge of Coinabul's Terms of Service, which is accessible via hyperlink on each page of the Website. Plaintiff's Complaint contains multiple references to a contractual agreement between Plaintiff, the other class members, and Coinabul. (Compl. ¶¶ 50, 56, 73). The Complaint also states that "[i]n May 2013 [prior to transactions at issue], Plaintiff Hussein visited Coinabul's website—www.coinabul.com—and viewed their representations *about the service*, including its purported reliability and the relative ease in which consumers could turn bitcoins into gold using Coinabul."[1] (Compl. ¶ 23; emphasis added). Further, constructive knowledge can be inferred from the fact that Plaintiff had ordered from Coinabul on seven occasions prior to the transactions at issue. (Compl. ¶ 24).

---

[1] See Exhibit A, the Website's Terms of Service, attached.

The Website's Terms of Service provide:

> Dispute Resolution
>
> It is our goal that all disputes can be resolved in a timely fashion. To that end, use of any Coinabul service requires that you agree to dispute resolution as outlined below:
>
> 1. Forum Selection: The State courts of Wyoming shall have jurisdiction in any disputes. Disputes must be resolved within those courts. By using any Coinabul service, you agree to waive any objection to the jurisdiction of those courts.
>
> 2. Governing Law: This User Agreement shall be governed and interpreted in agreement with the laws of Wyoming.

These Terms of Service are enforceable. Wyoming is not so "so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court," nor would enforcement of these terms contravene a strong public policy of the State of Illinois. For these reasons, dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(3) is proper.

## II. PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE DISMISSED PURSUANT TO RULE 23.

In order for a plaintiff to maintain a lawsuit as a class action, he must show (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Because Plaintiff has failed to meet the numerosity and typicality requirements, his class allegations should be stricken.

### A. PLAINTIFF HAS NOT MET THE NUMEROSITY REQUIREMENT.

"The courts will not presume numerosity of class membership or, for that matter, any membership in the class on the mere theoretical possibility that such members exist." *Perez v.*

*Personnel Bd. of the City of Chicago*, 690 F. Supp. 670, 672 (N.D. Ill. 1988). The plaintiff has the burden of proving that a case is appropriately a class action and meets all the requirements of Rule 23. *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir. 1976). While there is no particular number that satisfies the numerosity prerequisite, a plaintiff cannot satisfy the numerosity requirement without showing that some other person beside himself is similarly situated. *Perez*, 690 F. Supp. at 672. The conclusory allegation that a class is 'so numerous that joinder is impracticable' is not sufficient to meet the requirements of Rule 23(a)(1). *Valentino*, 528 F.2d at 978.

Here, Plaintiff alleges as follows:

> The exact number of Class members is unknown to Plaintiff at this time, but Coinabul has received over a thousand orders, making joinder of each individual member impracticable. Ultimately, the Class members will be easily identified through Defendants' records. (Compl. ¶ 32).

Thus, Plaintiff is alleging that every individual that placed an order on the Website will be a class member. This cannot be true,[2] as Plaintiff's proffered class definition includes only those individuals who did not receive ordered products and were not refunded their transferred bitcoins. (Compl. ¶ 31). As such, the allegation that "Coinabul has received over a thousand orders" has no bearing on the number of class members, if any, there may be, and is not sufficient to meet the numerosity requirement of a class action.

### B. PLAINTIFF HAS NOT MET THE TYPICALITY REQUIREMENT.

"The presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation. The fear is that the named plaintiff

---

[2] Indeed, Plaintiff asserted in his Complaint that he used the Website on seven occasions and received his orders in a timely fashion. (Compl. ¶ 24.)

6

will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer." *CE Design, Ltd. v. King Architectural Metals, Inc*., 637 F.3d 721, 726 (7th Cir. 2011) (citing *J.H. Cohn & Co. v. American Appraisal Associates, Inc.,* 628 F.2d 944, 999 (7th Cir. 1980)).

Here, Plaintiff alleges that he placed three orders amounting to 1,644.54 bitcoins between June 22, 2013 and June 24, 2013. (Compl. ¶ 25). Elsewhere in the Complaint (page 4, footnote 4), Plaintiff notes that as of the date of the Complaint's filing, one bitcoin was worth $630. While the value of a bitcoin varies by the minute, it is clear that 1,644.54 bitcoins are worth a significant amount of cash. In contrast, Plaintiff alleges that "[t]he damages suffered by many individual members of the Class will likely be relatively small[.]"

Certain factors regarding an order may impact if and when Coinabul can ship the order. For example, Coinabul is bound by the USA PATRIOT Act with regard to orders valued at over $10,000, or that it suspects are related to money laundering or other illegal activity. This is a defense that may apply to some putative class members and not others. As Plaintiff alleged, Coinabul requested additional information from Plaintiff after he placed the very large July 2013 orders.[3] Thus, Plaintiff's July 2013 orders are likely atypical of the rest of the putative class, making him an improper class representative.

## CONCLUSION

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(3) because the Terms of Service agreement between Coinabul and its customers provide that jurisdiction is proper only in Wyoming State court. Alternatively, Plaintiff's class action allegations should be stricken because Plaintiff has failed to fulfill the numerosity and typicality requirements of Rule 23.

---

[3] Defendants feel strongly that Plaintiff's claim should be litigated individually, due to the unique factual circumstances that apply to Plaintiff's orders.

Thus, Defendants Coinabul, LLC and Jason Shore respectfully request that this Honorable Court grant their Motion to Dismiss, or, in the alternative, strike Plaintiff's class allegations.

Respectfully Submitted,

Coinabul, LLC and Jason Shore

By: /s/ *Ann E. Zipfel*
One of the Attorneys for Defendants

Frank P. Nowicki (3125382)
Ann E. Zipfel (6297259)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770
nowickif@jbltd.com
zipfela@jbltd.com

# **CERTIFICATE OF SERVICE**

      I, hereby certify that I caused to be served Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the Alternative, to Strike Class Allegations on October 3, 2014, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                        */s/ Ann E. Zipfel*
                                        One of the Attorneys for Defendants

Frank P. Nowicki (3125382)
Ann E. Zipfel (6297259)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770
nowickif@jbltd.com
zipfela@jbltd.com

#3875911